**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY J. PETERSEN,

    Defendant - Appellant.

No. 96-3280

D. Kansas

(D.C. No. 94-CR-10085)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **TACHA**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Appellant Larry J. Petersen, appearing by consent before a magistrate judge, entered a plea of no contest to a superseding information charging him with failing to pay

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

child support obligations in violation of the Child Support Recovery Act of 1992 (CSRA), 18 U.S.C. § 228. Pursuant to the plea, the magistrate judge found Mr. Petersen guilty of the charge and sentenced him to three years' supervised probation and payment of $5,274.00 in restitution. Mr. Petersen appealed the sentence to the district court, which affirmed. On appeal to this court, Mr. Petersen continues to challenge his sentence on the basis that the order of restitution, which includes approximately $4,700.00 in child support incurred prior to the enactment of the CSRA, violates the Ex Post Facto Clause. We recently addressed this precise argument and found it to be without merit. See United States v. Hampshire, 95 F.3d 999, 1006-06 (10th Cir. 1996), cert. denied, 117 S. Ct. 753 (1997). Although Mr. Petersen attacks the rationale of and attempts to distinguish Hampshire, he acknowledges that the primary purpose of this appeal is to "preserv[e] this issue for further review to the Supreme Court." Appellant's Br. at 7. Since Hampshire is controlling, we AFFIRM Mr. Petersen's sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge